

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

~~JOHN~~ ~~CROSSETT~~ PIERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

See 0-5055 for change
in statute

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. 0-252

Re: Authority of a county
through the Commissioners'
Court to pay the premium
on the official bonds of
county treasurer and county
auditor.

Your request for an opinion on the question as is herein
stated has been received by this department.

Your letter reads in part as follows:

"Sometime ago you forwarded at the request of the writer
a copy of opinion 0-902 given to P. L. Marquess, County Auditor
of Wharton County under date of June 18, 1939, said opinion
being quoted herewith:-

"'The County Treasurer, County Commissioners, County
Surveyor, County Auditor, County Librarian, and the Super-
intendent of the County Hospital and their deputies, should
personally pay the premium of their official bonds. These
officers are not fee officers named in Articles 3883, 3891,
and 3899, R. C. S., and do not come within the provisions
of the Officers' Salary Law, Article 3912e, V.A.C.S., whereby
this expense could be legally charged as an expense of office
to be paid by the County.'

"In the last sentence of this opinion you state that the
officers named are not fee officers and do not come within
the provisions of the Officers Salary Law, namely, Article
3912e, however, we find in Article 3912e, Section 13, the
following:

"'The commissioners' court in counties having a population
of twenty thousand (20,000) inhabitants or more, and less than
one hundred and ninety thousand (190,000) inhabitants according

to the last preceding Federal Census, is hereby author-
ized and it shall be its duty to fix the salaries of all
the following named officers, to-wit: sheriff, assessor
and collector of taxes, county judge, county attorney,
including criminal district attorneys and county attorneys
who perform the duties of district attorneys, district
clerk, county clerk, treasurer, hide and animal inspect-
or. Each of said officers shall be paid in money an
annual salary of twelve (12) equal installments of not
less than the total sum earned as compensation by him
in his official capacity for the fiscal year 1935, and
not more than the maximum amount allowed such officer
under laws existing on August 24, 1935.'

"In the above quoted Article, you will notice that
it specifically mentioned treasurer and as stated above
in your opinion O-902 in part states that the treasurer
does not come within the provisions of the Officers Sal-
ary law.

"We also quote a portion of Article 1650, which per-
tains to the County Auditor's office under the sub-head
of Organization. It does not state specifically as to the
Auditor himself but it does state in the last paragraph of
Article 1650:

"' All of said assistants shall take the usual oath
of office for faithful performance of duty and may be
required to give such bond as the County Auditor may
determine, which bond shall be paid for by the county
and shall run in favor of the county and of the County
Auditor as their interest may appear.'

"We will be pleased to have you check into this sub-
ject further and advise relative to both the County Treas-
erer's office and the County Auditor's office."

As we understand your letter, you desire to know whether
or not the county can legally pay the premium on the official bonds
of the county treasurer and the county auditor.

We are informed by the Comptroller's office that Nueces
County has a population of 51,759 inhabitants according to the last
preceding Federal census.

Section (b) of Article 3899, Vernon's Civil Statutes, reads in part as follows:

"Each officer named in this Act, where he receives a salary as compensation for his services, shall be empowered and permitted to purchase and have charged to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums on officials' bonds, premium on fire, burglary, theft, robbery insurance protecting public funds and including the cost of surety bonds for his Deputies, such expenses to be passed on, pre-determined and allowed in kind and amounts, as nearly as possible, by the Commissioners' Court once each month for the ensuing month, upon the application by each officer, stating the kind, probable amount of expenditure and the necessity for the expenses of his office for such ensuing month, which application shall, before presentation to said court, first be endorsed by the County Auditor, if any, otherwise the County Treasurer, only as to whether funds are available for payment of such expenses. . . ."

The portion of section (b), Article 3899, supra, which reads "each officer named in this Act" refers to officers named in Article 3883 which is commonly known as the Maximum Fee Bill.

In reading the Maximum Fee statute you will note that the county treasurer or county auditor is not named. It is true that the county treasurer is named in Section 13 of Article 3912e, Vernon's Civil Statutes, and the Commissioners' Court is authorized and it is its duty to fix the salary of the county treasurer as provided in the statute. However, there is nothing in this statute authorizing the payment of the premium of the official bond of the county treasurer.

Where county officials receive salaries as compensation for their services, only those officers named in the Maximum Fee statute are entitled to charge to the county premiums on official bonds.

Article 1650, Vernon's Civil Statutes, provides for the appointment of assistant auditors and stipulates that the premium for the bond of such assistants shall be paid for by the county, but it does not make any provision for the payment of the premium for the official bond of the county auditor.

In an opinion rendered by this department on July 17, 1935, written by Hon. Leon O. Moses, Assistant Attorney General, it was held that the Commissioners' Court does not have authority to pay for premiums on the county auditor's bond or the premium on the county treasurer's bond.

On July 27, 1938, in an opinion written by Hon. R. E. Gray, Assistant Attorney General, it was held that where the county treasurer is on a straight salary there is no provision under the law for the payment of the premium on a surety bond.

In Opinion No. O-204 this department held that in view of Article 3883, 3891 and 3899 (b) and in the absence of statutory authority authorizing the Commissioners' Court to make such payment, the Commissioners' Court does not have the authority to pay the premiums on the official surety bonds of the county treasurer.

In Opinion No. O-902, as above stated, this department held, among other things, that the premiums on the official bonds of the county treasurer and county auditor are not such expenses that could be legally charged as expense of office to be paid by the county.

You are respectfully advised that it is the opinion of this department that the Commissioners' Court has no authority to pay the premiums on the official bonds of the county treasurer and the county Auditor.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistnat

AW:jm:ehg

APPROVED NOV 29, 1939

GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

Approved
Opinion
Committee
By BWB
Chairman